In re Petition for DISCIPLINARY ACTION AGAINST William G. MOSE, an Attorney at Law of the State of Minnesota.

No. C9–89–1076.

Supreme Court of Minnesota.

July 19, 1989.

## ORDER

The Director of Lawyers Professional Responsibility Board filed with this court a petition in which he alleged that the respondent William G. Mose had violated several of the Minnesota Rules of Professional Conduct to the extent that he should be subjected to public discipline. In substance the petition alleged that during the course of representing a client in one dissolution matter, the respondent had failed to timely answer interrogatories, to notify opposing counsel that his client would be unable to attend certain scheduled settlement conferences, and failed to provide evidence of his client's income to aid the court at a hearing with respect to setting temporary support, had failed to timely seek reduction of child support and elimination of attorney fees awarded by court order, had failed to pay the court awarded attorney fees or seek to have the order set aside, had failed to prepare adequately for court conferences or hearings, and that all the aforesaid conduct

violated the Minnesota Rules of Professional Conduct including, but not limited to Rules 1.3, 1.3, 3.4(d) and 8.4(d). With respect to another matter in which the respondent was retained to represent groups of employees and creditors owed wages from a corporation, the petition alleged that respondent violated his professional responsibilities by not properly drafting a complaint, in failing to pursue the restitution moneys, in failing to communicate with clients or answer their inquiries, and in failing to redraft a complaint or file an affidavit of default and supporting memoranda after being directed to do so by the court. These failures, the petition charged, violated Rules 1.1 and 8.4(d), 1.4 and 3.4(c) of the Minnesota Rules of Professional Conduct. Subsequently, the Director and the respondent entered into a stipulation wherein the respondent waived all of his procedural rights pursuant to Rules 14 and 15 of the Rules on Lawyers Professional Responsibility. In the stipulation, the respondent admitted all of the allegations of the petition. Also in the stipulation, the Director and the respondent joined in recommending that appropriate discipline be a public reprimand followed by two years of supervised probation.

The court having considered the petition, the admissions of the respondent and the stipulation, NOW ORDERS:

1. The respondent William G. Mose is hereby publicly reprimanded.

2. Effective July 15, 1989, the respondent shall be subject to two years supervised probation, the terms of which shall include:

(a) By February 1, 1990, he shall certify to the Director that he has successfully completed a course in family law and a course in professional responsibility at an accredited law school.

(b) By December 31, 1989, he shall certify to the Director that he has successfully completed a four day or eight day course in trial advocacy skills at the Minnesota Advocacy Institute or an equivalent trial skills program approved by the Director.

(c) During the two years of this probation, the respondent shall complete 30 credits of continuing legal education in the areas of trial skills and family law and shall report quarterly during the course of his probation to the Director of his progress in complying with these educational requirements.

(d) Respondent shall furnish the Director with the certification by September 30, 1989, that he has made restitution to his client, Sandra Tayler, in the amount of $1,347 and pay to his client, Elverna Gossell, the $100 he had previously agreed to refund to her.

(e) Within two weeks of the date of this court's order respondent shall nominate an attorney acceptable to the Director to monitor his compliance with the terms of this probation. Should he fail to nominate such a supervisor acceptable to the Director, the Director at his option may appoint any licensed Minnesota lawyer to act as supervisor. In either event his supervisor shall file written reports with the Director at least quarterly or at such other more frequent intervals as the Director may reasonably request.

(f) In addition to filing reports as provided herein, the respondent shall at all times cooperate fully with the supervisor and with the Director's office in efforts to monitor compliance with the probation as well as cooperate in any investigations of further allegations of unprofessional conduct which may arise during the term of the probation.

(g) Respondent shall forthwith initiate and maintain office procedures to ensure that there are prompt responses to correspondence, communications from clients and courts involving matters in which he is handling and which will ensure that he regularly reviews each and every file and completes legal matters on a timely basis.

3. Pursuant to an agreement contained in the stipulation, respondent may be immediately suspended from the practice of law if he fails to comply with each of the probationary conditions within the time indicated in the immediate preceding paragraph.

4. Respondent shall pay to the office of the Director $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility—said payment to be made within 60 days of the date of this order.